IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CORNELL SMITH | ) | CASE NO. 1:10CV1305 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DAN AARON POLSTER . |
| v. | ) | |
| | ) | |
| STATE OF OHIO, et al. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Plaintiff *pro se* Cornell Smith filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983 against the State of Ohio, Mark Hebert, a Deputy United States Marshal, Tony Luketic, a parole officer, and Judge Sara Lioi, a United States District Court Judge.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

On August 4, 2010, Plaintiff, after being found guilty by a bench trial conducted by Judge Lioi of failing to register as a sex offender in violation of 18 U.S.C. § 2250, was sentenced to 46

months imprisonment. *United States v. Smith*, Case No. 1:09CR0471. A Notice of Appeal to the United States Court of Appeals for the Sixth Circuit was filed on August 9, 2010. In a rambling narrative, he discusses prior criminal cases and events in his life including a conviction for a sex offense in California wherein he was declared to be a sex offender and required to register. Plaintiff asserts that he should not have to register as a sex offender for life because a one year summary probation would only require a few years. Defendants Hebert and Luketic allegedly kidnapped him when they conned him into meeting them at his sister's house where he was arrested and taken to jail. He contends that Judge Lioi should have known his sentence was illegal and should have dismissed his case. Plaintiff requests that the Court clear his name, investigate the Defendants, release him from jail and give him some money.

The relevant facts present a case where a court decision would express an opinion as to the validity of Plaintiff's conviction, as any opinion by this Court on the issue he seeks to raise would necessarily implicate the validity of that conviction. Thus, absent an allegation that Plaintiff's conviction has been reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, Plaintiff may not recover damages for his claim. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Omosule v. Hurley*, 2009 WL 5167641 * 2 (S.D. Ohio, Dec 21, 2009). In other words, a complaint seeking relief under 42 U.S.C. §1983 is not a permissible alternative to a petition for writ of habeas corpus if the Plaintiff essentially challenges the legality of his conviction. *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973); *Kuehne v. Foley*, 2009 WL 1045897 * 2 (S.D. Ohio, Apr. 20, 2009). For this reason alone, Plaintiff's Complaint must be dismissed.

Registration requirements for offenders who travel from one state to another is constitutional.

18 U.S.C. § 2250; *Carr v. United States*, 130 S.Ct 2229 (2010). Individuals who change their residence from one state to another become subject to the laws of their new state. *Thompson v. Kelly*, 2010 WL 3075120 * 1 (S.D. Ohio, Aug. 5, 2010).

In addition, Judge Lioi is a United States District Judge. It is well established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 386 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). When the function complained of is truly a judicial act, judicial immunity applies. *Yarbrough v. Garrett,* 579 F.Supp.2d 856, 860 (E.D. Mich., 2008)(citing *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994)). There are no facts alleged reasonably suggesting Judge Lioi acted outside the scope of her official duties in conducting a bench trial, finding Plaintiff guilty and imposing sentence. Judge Lioi definitely acted within the scope of her official duties in presiding over Plaintiff's court case.

The Eleventh Amendment to the United States Constitution prohibits a citizen of a state from suing that state, or one of its agencies, in federal court unless the state consents to such suit or there is an express statutory waiver of immunity. *Hans v. Louisiana,* 134 U.S. 1(1890); *Jacobs v. Ohio Dept. of Rehabilitation and Correction*, 2009 WL 3126285 * 3 (S.D. Ohio, Sep.23, 2009) (citing *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 98-99 (1984). The State of Ohio has not consented to suit in federal court. *Jacobs*, 2009 WL 3126285 at * 3. Rev.Code Ann. § 2743.02(A)(1) (West 2009). The State of Ohio is immune from suit for money damages and must be dismissed as a party Defendant.

The allegation that Plaintiff was kidnapped by Mark Hebert and Tony Luketic is frivolous.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/Dan Aaron Polster 8/24/10*
JUDGE DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE